## NATIONAL SURETY CO v GRIFFIN

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided June 24, 1929

Messrs. Tolles, Hogsett & Ginn and Geo. D. Bonebrake, Esq., Cleveland, for Surety Co.

Messrs. Howell, Roberts & Duncan, Cleveland, for Griffin.

KUNKLE, PJ.

The principal controversy in this case relates to the charge of the court in reference to the nature of the misrepresentation which must be made in order to create a liability under the bond.

In brief, the court charged the jury as follows:

"And I say to you as a matter of law that if you find that such a misrepresentation was made upon the part of The George W. Stone Company or its agents at that time to this plaintiff, and that those statements were false and untrue, whether they were made wilfully or whether they were made carelessly or recklessly, if she relied upon them and parted with her property and they were misrepresentations, then this plaintiff should recover from any and all defendants as principals who took part in any of those misrepresentations, whether those principals knew them to be true or not."

It is contended by counsel for plaintiff in error that the misrepresentations, in order to be actionable, must have been fraudulently made, that is, that they were known to be false.

We have considered the section of the statute carefully and have also examined the authorities cited by counsel in their respective briefs upon this phase of the case. Without discussing the authorities in detail, we are of opinion that the charge of the court in this respect contained a correct interpretation of the section of the statute involved.

Objection is also made to the form of the verdict which was returned by the jury.

The copy of the docket and journal entries as filed contains the following:

"Parties by their attorneys come and a jury is duly impanelled and sworn, who after due trial do find for the plaintiff in the sum of $3425.83 against The George W. Stone Company, Virginia Broden and Louis A. Wald, and the jury further finds for the plaintiff against the National Surety Company for $3425.83 as surety on the bond of The George W. Stone Company, and the jury further finds for the plaintiff against the National Surety Company for the sum of $2500 as surety on the bonds of Virginia Broden and Louis A. Wald respectively."

It is suggested by counsel for plaintiff in error that a double recovery might be had under the verdict so returned. The verdict as returned by the jury is in somewhat unusual form, but we do not see how the plaintiff in error can be prejudiced thereby.

There can be but one recovery and counsel for defendant in error in open court so concede.

The judgment entry of the lower court may, if so desired, be modified to show that the full amount of recovery upon the judgment shall be limited to $3425.83 plus interest.

We have considered all of the errors urged by counsel for plaintiff in error and finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

Allread and Hornbeck, JJ, concur.